IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMERA LANGDON, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 3:21-CV-1079 |
| ) | |
| v. ) | |
| ) | |
| AMAZON.COM SERVICES, LLC, ) | DEMAND FOR JURY TRIAL |
| ) | |
| Defendant ) | |

## COMPLAINT

The plaintiff, Tamera Langdon, by and through her counsel, RisCassi & Davis, P.C., brings this action against the above-named defendant.

### I. PARTIES

1. The plaintiff, Tamera Langdon, is a resident of the Town of Canton, State of Connecticut.

2. At all times mentioned herein, the defendant, Amazon.com Services, LLC, with a principal business address of 410 Terry Avenue North, Seattle, Washington, was, and continues to be, a Delaware limited liability company, which was authorized to transact business within the State of Connecticut. The sole member of the defendant, Amazon.com Services, LLC, is Michael Deal, an individual who is domiciled in the State of Washington.

### II. JURISDICTION AND VENUE

3. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. This civil action is between citizens of different states. The defendant maintains sufficient minimum contacts with the State of Connecticut such that the exercise of jurisdiction over the defendant by Connecticut courts would not offend traditional notions of fair

play and substantial justice.  By reason of the foregoing circumstances, this Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1).

4. Venue is proper in this District because it is a judicial district in which a substantial part of the events or omissions giving rise to the plaintiff's claim occurred.  See 28 U.S.C. § 1391(a)(2).

### III. GENERAL ALLEGATIONS

5. The plaintiff, Tamera Langdon, incorporates by reference, as if fully set forth herein, each and every allegation in this Complaint.

6. At all times relevant herein, the defendant, Amazon.com Services, LLC, its officers, agents, servants, and/or employees, designed, sold, manufactured, and/or delivered products into the stream of commerce in Connecticut and are product sellers as defined by § 52-572m of the Connecticut General Statutes.

7. At all times relevant herein, the defendant, Amazon.com Services, LLC, its officers, agents, servants, and/or employees, were involved in the assembly, packaging, labeling, marketing, distribution, sale, and/or otherwise involved in placing into the stream of commerce Ninja BL770 Mega Kitchen System and Blender.

8. At all times relevant herein, the defendant assembled, prepared, packaged, labeled, distributed, and/or sold a Ninja BL770 Mega Kitchen System and Blender r (hereinafter referred to as "the Ninja Blender") to the plaintiff, Tamera Langdon.

9. At all times relevant herein, the defendant improperly packaged the Ninja Blender, including but limited to failing to secure a triple blade food processor attachment, which was placed loosely inside the blender pitcher inside the box for said product.

10. At all times relevant herein, the Ninja Blender sold to the plaintiff, Tamera Langdon, was marketed or otherwise labeled as "New."

11. At all times relevant herein, the defendant failed to provide any warnings or instructions, regarding the packaging of the Ninja Blender and the unsecured triple blade food processor within said packaging.

12. On or about December 19, 2020, the plaintiff, Tamera Langdon, and/or the plaintiff's husband, Michael Langdon, purchased the Ninja Blender from Amazon.com Services, LLC.

13. On or about December 21, 2020, the Ninja Blender was delivered to the plaintiff, Tamera Langdon, and/or the plaintiff's husband, at their home in Canton, Connecticut. Said product reached the plaintiff without substantial change in its condition from when it left the defendant's control.

14. On or about January 1, 2021, the plaintiff, Tamera Langdon, opened the packaging of the Ninja Blender, when, suddenly and without warning, the unsecured triple blade food processor fell out of the blender pitcher and landed on the plaintiff's right foot, causing her to sustain and suffer personal injuries and losses, including, but not limited to:

    a) rupture of the hallucis longus extensor tendon in her right foot, requiring surgery;

    b) an approximately 2 centimeter laceration on her right foot;

    c) scarring;

    d) physical pain and mental pain and suffering.

15. The incident that caused the harm to the plaintiff was of a kind that does not ordinarily occur in the absence of a product defect and any defect most likely existed at the time the product left the seller's control and was the result of the causes attributable to the seller.

16. In addition to, and without limiting the allegations of the preceding paragraph, a substantial factor in causing the plaintiff's injuries was the defendant's violation of Connecticut General Statutes § 52-572m – § 52-572q in one or more of the following ways:

   a) the Ninja Blender was improperly packaged; and/or

   b) the Ninja Blender was improperly prepared for consumer use; and/or

   c) the Ninja Blender was assembled, prepared, packaged, distributed, and/or sold without adequate or proper precautions to prevent it from causing the injuries of the type suffered by the plaintiff; and/or

   d) the Ninja Blender was assembled, prepared, packaged, distributed, and/or sold without adequate or proper warnings regarding the risk of the triple blade processor falling out upon opening; and/or

   e) the Ninja Blender was assembled, prepared, packaged, distributed, and/or sold without adequate or proper warnings regarding the risk of injury from the improperly packaged product; and/or

   f) was assembled, prepared, packaged, distributed, and/or sold as "New," despite being sold in a "used" condition, with the parts and accessories, including the triple blade food processor, contained within said packaging being improperly packaged and unsecured; and/or

   g) the defendant misrepresented the Ninja Blender as "New," when it was in fact "used," with the parts and accessories, including the triple blade food processor, contained within the packaging being improperly packaged and unsecured.

17. At all times relevant herein, a substantial factor in causing the defect of the Ninja Blender was the defendant's negligent preparation, assembly, marketing, labeling, distribution and/or sale of the Ninja Blender.

18. As a further result thereof, the plaintiff, Tamera Langdon, has been forced to incur financial obligations for hospital and medical care and treatment, diagnostic and imaging studies, surgery, physical therapy, medicines and the like, and may be obligated for further such sums in the future.

19. As a further result thereof, the plaintiff, Tamera Langdon, has been, and will likely continue to be, unable to pursue her usual activities, all to her further loss and detriment.

## IV. PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff, Tamera Langdon, brings this Complaint against the defendant, Amazon.com Services, LLC, for personal injuries and prays for a judgment against the defendant for:

a) compensatory damages and costs;

b) punitive damages as appropriate under the Connecticut Product Liability Act;

c) such other relief as the Court deems appropriate or to which the Plaintiff is entitled by law.

**The Plaintiff,**

Dated: August 10, 2021

*/s/ Ryan K. Sullivan*

Ryan K. Sullivan
Federal Bar No.:  CT 30904
RisCassi and Davis, P.C.
131 Oak Street, P.O. Box 261557
Hartford, CT 06126-1557
860-522-1196
860-246-5847 (fax)
rsullivan@riscassidavis.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMERA LANGDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON.COM SERVICES, LLC, | ) |
| | ) |
| Defendant | ) |

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. Rule 38, the plaintiff in the above-captioned matter hereby demands a trial by jury on all issues.

**The Plaintiff,**

Dated: August 10, 2021

*/s/ Ryan K. Sullivan*

Ryan K. Sullivan
Federal Bar No.:  CT 30904
RisCassi and Davis, P.C.
131 Oak Street, P.O. Box 261557
Hartford, CT 06126-1557
860-522-1196
860-246-5847 (fax)

7